# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

CHRISTOPHER FOSTER,         Case No. 1:14-cv-668
      Plaintiff,

                              Beckwith, J.
      vs                          Litkovitz, M.J.

STATE OF OHIO, et al.,          **REPORT AND**
      Defendants.           **RECOMMENDATION**

Plaintiff, an inmate at the Toledo Correctional Institution, brings this civil rights action against defendants State of Ohio, Judge Charles J. Kubicki, Prosecuting Attorney Kevin Hardman, Public Defender Christine Y. Jones, Officer Charles Knapp, and Deputy Clerk Patricia M. Clancey. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th

Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265,

2

286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding pro se, brings this action against defendants under 42 U.S.C. § 1983. Plaintiff's complaint alleges that his attorney, defendant Jones "did a malicious job of ineffectiveness," allegedly refusing to raise plain errors in his defense. (Doc. 1, Complaint p. 5). Plaintiff further alleges that "Judge Kubicki Jr. used multiple unreasonable unequivocal statements on trial court records delaying justice." (*Id.*). Plaintiff also claims that Officer Knapp "maliciously shot Christopher Foster 16 times at point blank, and arrested the plaintiff acquiring arrest warrants that requested the capture of some 'Charles Foster.'" [1] (*Id.*). He claims that defendant Clancey initialed the warrants against municipal policy. Finally, plaintiff claims that all defendants conspired to "(1) induce panic/emotional distress, (2) false arrest/imprisonment, (3) malice behavior, (4) attempted murder, (5) cruel [and] unusual punishment, (6) unreasonable delay, (7) unlawful restraint." (*Id.*).

---

[1] Upon review of the Hamilton County Clerk of Courts webpage, it appears that plaintiff was arrested by officer Knapp after the two exchanged gun fire. Plaintiff was subsequently convicted of felonious assault and having weapons while under disability in connection with the incident. Plaintiff appears to challenge the validity of his arrest warrants based on the warrants listing "Charles Foster," instead of "Christopher Foster." (*See* Doc. 1, Complaint p. 5). However, the affidavits and complaints issued in conjunction with the arrest warrants correctly specify that the offending behavior was committed by Christopher Foster. Found at www.courtclerk.org under Case No. B 1105686.

For relief, plaintiff seeks monetary damages and release from confinement. (*Id.* at 6).

Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted. To the extent plaintiff seeks relief in the form of an immediate or speedier release from imprisonment, his sole federal remedy is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 after he has exhausted his state remedies. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *Hadley v. Werner,* 753 F.2d 514, 516 (6th Cir. 1985). Plaintiff may not pursue habeas corpus relief through a civil rights action. Plaintiff is directed to file a petition for a writ of habeas corpus after he has exhausted his state court remedies. *Hadley,* 753 F.2d at 516.

To the extent plaintiff seeks damages against defendants, his cause of action is barred by *Heck v. Humphrey,* 512 U.S. 477 (1994). In *Heck,* the Supreme Court held that if a judgment rendered in plaintiff's favor would necessarily imply that his conviction or sentence was invalid, the complaint for damages under § 1983 must be dismissed unless plaintiff has already succeeded in having the conviction or sentence invalidated through reversal on direct appeal, expungement by executive order, or declaration of invalidity by a state tribunal authorized to make such a determination or by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Heck,* 512 U.S. at 486–87. A judgment in favor of plaintiff on any claim stemming from the state criminal proceedings against him would necessarily imply that his conviction and resulting imprisonment were invalid. *See id.,* 512 U.S. at 487. Because plaintiff has not alleged facts indicating that his conviction and resulting confinement have been invalidated by a federal or state court or other appropriate tribunal, he may not proceed with such a claim for damages in this § 1983 action.

The complaint against the State of Ohio must be dismissed because the State of Ohio is

4

immune from suit in this federal court. Absent an express waiver, the Eleventh Amendment to the United States Constitution bars suit against a State or one of its agencies or departments in federal court regardless of the nature of the relief sought. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). The exceptions to the Eleventh Amendment bar prohibiting lawsuits against a state in federal court do not apply in this case. The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment rights. *See Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460 (6th Cir. 1982); *Ohio Inns, Inc. v. Nye*, 542 F.2d 673, 681 (6th Cir. 1976). Nor has plaintiff sued a state official seeking prospective injunctive relief against future constitutional violations. *Ex Parte Young*, 209 U.S. 123 (1908). In addition, Congress has not "explicitly and by clear language" expressed its intent to "abrogate the Eleventh Amendment immunity of the States" when enacting Section 1983. *See Quern v. Jordan,* 440 U.S. 332, 341-43, 345 (1979). Therefore, the State of Ohio is immune from suit in this case and plaintiff's claims against the State of Ohio should be dismissed.

Plaintiff's complaint also fails to state a claim for relief under Section 1983 against defendant Jones. In order to maintain an action under 42 U.S.C. § 1983, plaintiff must allege that the person engaging in the offensive conduct was acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)). As a criminal defense attorney, defendant Jones did not act "under color of

5

state law" for purposes of section 1983 liability. *See Polk County v. Dodson*, 454 U.S. 312 (1981)

(holding that public defender does not act under color of state law for purposes of §1983); *Otworth*

*v. Vanderploeg,* 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by

virtue of being an officer of the court, a state actor under color of state law within the meaning of §

1983."); *McCord v. Bailey*, 636 F.2d 606, 613 (D.C. Cir. 1979) (applying *Polk County* to retained

criminal lawyers). *See also Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998). Therefore,

plaintiff's complaint fails to state a claim for relief under section 1983 against the defendant Jones.

Additionally, plaintiff's claims against defendants Prosecutor Hardman and Judge Kubicki

must also be dismissed. "Prosecutors are entitled to absolute immunity for conduct 'intimately

associated with the judicial phase of the criminal process.'" *Manetta v. Macomb County*

*Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998) (quoting *Imbler v. Pachtman*, 424 U.S. 409,

430 (1976)). This includes a county prosecutor's initiation of a prosecution and presentation of

the State's case at trial. *Imbler*, 424 U.S. at 431. *See also Jones v. Shankland,* 800 F.2d 77, 80

(6th Cir. 1986). Such "absolute prosecutorial immunity is not defeated by a showing that a

prosecutor acted wrongfully or even maliciously." *Lomaz v. Hennosy,* 151 F.3d 493, 498 n. 7 (6th

Cir. 1998). Judges are also afforded absolute immunity from damages for acts they commit while

functioning within their judicial capacity. *Pierson v. Ray,* 386 U.S. 547 (1967); *Barrett v.*

*Harrington*, 130 F.3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability

even if they act maliciously or corruptly, as long as they are performing judicial acts and have

jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman,* 435

U.S. 349, 356-57 (1978). *See also Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001); *King v.*

*Love,* 766 F.2d 962 (6th Cir. 1985). Plaintiff's complaint alleges no facts indicating that

defendant presided over a matter over which defendant was without subject matter jurisdiction or that he performed non-judicial acts. Accordingly, plaintiff's complaint against defendants Kubicki and Hardman must also be dismissed.

Finally, to the extent that plaintiff has generally alleged that all defendants—including the remaining defendants Officer Knapp and Deputy Clerk Clancey—conspired in connection with his arrest, criminal conviction, and sentence, it is well-settled in the Sixth Circuit that conspiracy claims must be pleaded with "with some degree of specificity, and vague and conclusory allegations unsupported by material facts are not sufficient to state a claim." *Hamilton v. City of Romulus,* 409 F. App'x 826, 835 (6th Cir. 2010); *see also Moldowan v. City of Warren,* 578 F.3d 351, 395 (6th Cir. 2009) (citing *Gutierrez v. Lynch,* 826 F.2d 1534 (6th Cir. 1987)) (affirming dismissal of conspiracy claims under 42 U.S.C. § 1983 because the plaintiff failed to plead the claims with the "requisite specificity"). Here, construing the complaint liberally, plaintiff's factual allegations are insufficient to suggest that the defendants shared a conspiratorial objective or otherwise planned together to deprive him of a constitutionally-protected right. Therefore, plaintiff's vague, unsubstantiated and conclusory claim based on a conspiracy theory lacks the requisite specificity to state a cognizable claim under 42 U.S.C. § 1983.

Accordingly, in sum, the undersigned finds that plaintiff's complaint fails to state a claim upon which relief may be granted. Therefore, the complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## IT IS THEREFORE RECOMMENDED THAT:

1. The plaintiff's complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

7

2.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).


Date: 8/22/14

Karen L. Litkovitz
United States Magistrate Judge

8

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

CHRISTOPHER FOSTER,                    Case No. 1:14-cv-668
       Plaintiff,

                                     Beckwith, J.
   vs                             Litkovitz, M.J.

STATE OF OHIO, et al.,
       Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

9