# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

CHRISTOPHER FOSTER,
    Plaintiff,

vs.

STATE OF OHIO, et al.,
    Defendants.

Case No. 1:14-cv-668
Cole, J.
Litkovitz, M.J.

REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Toledo Correctional Institution, filed this civil rights action in 2014 against defendants the State of Ohio; Hamilton County, Ohio Judge Charles J. Kubicki; Hamilton County, Ohio Prosecuting Attorney Kevin Hardman; Hamilton County, Ohio Public Defender Christine Y. Jones; Cincinnati, Ohio Police Officer Charles Knapp; and Hamilton County, Ohio Deputy Clerk Patricia M. Clancey. (Doc. 3). The complaint alleged that defendant Jones "did a malicious job of ineffectiveness," allegedly refusing to raise plain errors in his defense; that "Judge Kubicki Jr. used multiple unreasonable unequivocal statements on trial court records delaying justice"; that Officer Knapp "maliciously shot Christopher Foster 16 times at point blank, and arrested the plaintiff acquiring arrest warrants that requested the capture of some 'Charles Foster'"[1]; and that defendant Clancey initialed the arrest warrants against municipal policy. (*Id*. at PAGEID 23). Plaintiff further alleged that all defendants conspired to "(1) induce panic/emotional distress, (2) false arrest/imprisonment, (3) malice behavior, (4) attempted murder, (5) cruel [and] unusual punishment, (6) unreasonable delay, (7) unlawful

---

[1] Upon review of the Hamilton County Clerk of Courts webpage, it appears that plaintiff was arrested by officer Knapp after the two exchanged gun fire. Plaintiff was subsequently convicted of felonious assault and having weapons while under disability in connection with the incident. In his complaint, plaintiff challenged the validity of his arrest warrants based on the warrants listing "Charles Foster," instead of "Christopher Foster." (*See* Doc. 1, Complaint p. 5). However, the affidavits and complaints issued in conjunction with the arrest warrants correctly specified that the offending behavior was committed by Christopher Foster. Found at www.courtclerk.org under Case No. B 1105686.

restraint." (*Id.*).

On August 22, 2014, the undersigned issued a Report recommending that plaintiff's complaint be dismissed with prejudice for failure to state a claim upon which relief may be granted. (Doc. 4). Plaintiff failed to file any objections to the Report and Recommendation, and on November 3, 2014, the district judge adopted the Report and Recommendation and dismissed the complaint with prejudice. (Doc. 7).

This matter is now before the Court on plaintiff's motions for "relief necessity presentation" under "Rule 60(b)(6)" (Doc. 9), to "guard against impeding" (Doc. 10), and for "Rule 60 Change In Law, Relief Request" (Doc. 11).

Plaintiff's motions for "relief necessity presentation" under "Rule 60(b)(6)" (Doc. 9) and for "Rule 60 Change In Law, Relief Request" (Doc. 11) seek relief from the dismissal of his complaint based on the new rule of law set forth in *Torres v. Madrid*, 141 S.Ct. 989 (2021). Plaintiff alleges that the *Torres* decision "made it clear that officer Knapp shooting the plaintiff [16 times] actually was a seizure." (Doc. 9 at PAGEID 41). Plaintiff contends that prior to *Torres*, his claim was not cognizable because his encounter with officer Knapp was not considered a "seizure" under existing law because plaintiff "did not stop walking away when officer Knapp illegally order me to stop. . . ." (Doc. 11 at PAGEID 56). Plaintiff requests the Court "to serve the defendant(s) on the basis of only my official capacity claims relating to officer Knapp shooting me, and striking me with [16 bullets] as to a matter of resisting arrest or seizure that was unlawful." (*Id*. at PAGEID 58).

Rule 60(b) provides, in relevant part, for relief from a judgment "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6), the catchall provision, applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Hopper v. Euclid Manor Nursing Home*, 867 F.2d 291, 294 (6th Cir. 1989). *See also E. Brooks Books, Inc. v. City of Memphis*, 633 F.3d 459, 465 (6th Cir. 2011). "It is well established that a change in decisional law is usually not, by itself, an 'extraordinary circumstance' meriting Rule 60(b)(6) relief." *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (citing *Agostini v. Felton*, 521 U.S. 203, 239 (1997) ("Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6). . . .")). This is so even where a law is invalidated on constitutional grounds. *Id*.

This Court recently addressed a nearly identical motion filed by plaintiff in a companion case he filed against the same defendants and raising the same claims. *See Foster v. Hamilton Cty.*, Case No. 1:14-cv-642 (S.D. Ohio).[2] The Court denied plaintiff's motion, reasoning as follows:

> In this case, the Court need not reach the question of whether the case before it presents extraordinary circumstances. This is because there is no basis to reconsider the merits of Plaintiff's claims based on the legal conclusions of *Torres v. Madrid*, 141 S.Ct. at 989.

---

[2] In Case No. 1:14-cv-642, plaintiff named Hamilton County, Ohio as a defendant, whereas in this case he named the State of Ohio as a defendant. All of the other named defendants are the same.

3

> The Supreme Court's decision in *Torres* clarifies a Fourth Amendment issue. *Id.* Specifically, the case determines what constitutes a "seizure." *Id.* According to the Court in *Torres*, a seizure is the application of force "with the <u>intent</u> to restrain." *Id.*, 141 S.Ct. at 1003 (emphasis added). It is not an application of force that necessarily stops a fleeing person in her tracks or leads directly to an arrest. *Id.* *Torres* thus makes clear that a bullet fired by law enforcement with the intent to restrain is a seizure if it hits its target—even if the target continues fleeing. *Id.*
>
> The *Torres* decision changes nothing about Plaintiff's case. First, the Magistrate Judge did not construe the complaint to raise a Fourth Amendment seizure issue. (Doc. 4). If Plaintiff had intended to do so, he should have objected to the R&R on that basis. Even so, based on Plaintiff's version of the facts, there seems little doubt about whether and when a seizure took place. Plaintiff was arrested immediately after he exchanged gunfire with the police. (Docs. 3 and 4). Such would constitute a "seizure" both before and after *Torres*. In other words, *Torres* did not change the relevant law in a way that benefits Plaintiff. Because the holding of *Torres* does not bear on Plaintiff's claims, there is no need to further analyze Plaintiff's presentation for relief.

*Foster*, Case No. 1:14-cv-642 (S.D. Ohio Dec. 27, 2021) (Doc. 11 at PAGEID 68-69).

For the same reasons, plaintiff's motions for "relief necessity presentation" under "Rule 60(b)(6)" (Doc. 9) and for "Rule 60 Change In Law, Relief Request" (Doc. 11) should be denied. Moreover, plaintiff seeks reopening of "only my official capacity claims relating to officer Knapp shooting me. . . ." (Doc. 11 at PAGEID 58). However, plaintiff has failed to allege that his rights were violated by a custom or policy of the City of Cincinnati as would be required to hold defendant Knapp liable in an official capacity. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690 (1978). Granting plaintiff relief from judgment would therefore be futile as his official capacity claim would be subject to dismissal for failure to state a claim. Therefore, these motions should be denied.

Plaintiff's motion to "guard against impeding" (Doc. 10) should also be denied. Plaintiff alleges that officials at the Toledo Correctional Institution, where he is currently incarcerated, are

4

tampering with and opening his legal mail. He alleges that the prison implemented a new policy whereby his legal mail is being opened outside of his presence. (Doc. 10 at PAGEID 50, Exhibit 1). He seeks a Court order enjoining the prison officials' actions.

This Court does not have personal jurisdiction over the Toledo Correctional Institution officials responsible for plaintiff's legal mail because they are not parties to this action. The Court "only has jurisdiction over the named defendants and does not have authority to issue an injunction against non-parties to this action." *Shavers v. Bergh*, No. 2:07-cv-171, 2012 WL 1377169, at *2 (W.D. Mich. Mar. 29, 2012) (Report and Recommendation), *adopted*, 2012 WL 1377103 (W.D. Mich, Apr. 19, 2012)). *See also Laster v. Pramstaller,* Nos. 06-13508 & 05-71140, 2009 WL 497407, at *2 (E.D. Mich. Feb. 24, 2009) (Report and Recommendation), *adopted*, 2009 WL 790479 (E.D. Mich. Mar. 20, 2009) (finding the court had no power to adjudicate plaintiff's motion for injunctive relief because the court had no personal jurisdiction over non-defendants). *Cf. Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party. The consistent constitutional rule has been that a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant.") (internal citations omitted). Therefore, the Court lacks personal jurisdiction over the Toledo Correctional Institution officials, and plaintiff's motion "guard against impeding" (Doc. 10) should be denied.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's motion for "relief necessity presentation" under "Rule 60(b)(6)" (Doc. 9) and motion for "Rule 60 Change In Law, Relief Request" (Doc. 11) be **DENIED**.

2. Plaintiff's motion to "guard against impeding" (Doc. 10) be **DENIED**.

Date: 1/8/2022

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

CHRISTOPHER FOSTER,
    Plaintiff,

vs

STATE OF OHIO, et al.,
    Defendants.

Case No. 1:14-cv-668

Cole, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).