# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**CHRISTOPHER FOSTER,**

      **Plaintiff,**

      **v.**

      **Case No. 1:14-cv-668**
      **JUDGE DOUGLAS R. COLE**
      **Magistrate Judge Litkovitz**

**STATE OF OHIO, et al.,**

      **Defendants.**

## ORDER

This cause comes before the Court on the Magistrate Judge's January 10, 2022, Report and Recommendation ("R&R") (Doc. 12). The Magistrate Judge recommends the Court deny Plaintiff Christopher Foster's Motion for "Relief Necessity Presentation" under "Rule 60(b)(6)" (Doc. 9), his Motion for "Rule 60 Change In Law, Relief Request" (Doc. 11), and his Motion to "Guard Against Impeding" (Doc. 10).

For the reasons stated more fully below, the Court **ADOPTS** the R&R (Doc. 12) and, consequently, **DENIES** Foster's Motion for "Relief Necessity Presentation" under "Rule 60(b)(6)" (Doc. 9), Motion for "Rule 60 Change In Law, Relief Request" (Doc. 11), and Motion to "Guard Against Impeding" (Doc. 10).

To start, the R&R advised all parties that failing to object within the 14 days specified by the R&R could result in forfeiture of rights on appeal, which includes the right to District Court review. (*See* Doc. 12, #68[1]). *See also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C),

---

[1] Refers to PAGEID #.

intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R … is forfeiture"); 28 U.S.C. § 636(b)(1)(C). Accordingly, any party wishing to object to the R&R needed to do so by January 24, 2022. The time for filing objections has since passed, and no party has objected.

That being said, although no party has objected, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Jackson v. DEA,* No. 1:21-cv-402, 2022 WL 60312, at *1 (S.D. Ohio Jan. 6, 2022) (reviewing for clear error absent an objection to a Magistrate Judge's R&R); *Wilkins v. Mahlman,* No. 1:21-cv-312, 2022 WL 44689, at *1 (S.D. Ohio Jan. 5, 2022) (same); *Brunner v. Bell*, No. 1:19-cv-575, 2021 WL 4480484, at *1 (S.D. Ohio Sept. 30, 2021) (same).

The Court has reviewed the R&R (Doc. 12) and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes).

Foster's Motion for "Relief necessity presentation" under "Rule 60(b)(6)" (Doc. 9) and his Motion for "Rule 60 Change in Law, Relief Request" (Doc. 11) (collectively "Rule 60 Motions") both seek relief from the dismissal of his Complaint—specifically, the dismissal of his claims against Officer Charles Knapp. Foster's claims against Knapp relate to an alleged incident in which Knapp "maliciously shot … Foster 16 times at point blank" at the time of Foster's arrest. (R&R, Doc. 12, #62 (quoting

Compl., Doc. 3, #23)). The Court dismissed those claims, along with the rest of Foster's Complaint, on November 3, 2014. (Doc. 7). In the two Rule 60 Motions, Foster "seek[s] relief from the dismissal of his [C]omplaint based on the new rule of law set forth in *Torres v. Madrid,* 141 S. Ct. 989 (2021)." (R&R, Doc. 12, #63). Although Foster argues that "prior to *Torres,* his claim was not cognizable because his encounter with Knapp was not considered a 'seizure' under existing law," in the wake of *Torres,* Foster now argues he has a cognizable 42 U.S.C. § 1983 claim against Knapp in his official capacity for unlawful seizure. (Rule 60 Change in Law Mot., Doc. 11, #57–58).

The R&R correctly concludes that Foster's request for relief from the dismissal of his Complaint should be denied for four reasons. First, the R&R observes that "[i]t is well established that a change in decisional law is usually not, by itself, an 'extraordinary circumstance' meriting Rule 60(b)(6) relief …. This is so even where a law is invalidated on constitutional grounds." (Doc. 12, #64 (citing *Blue Diamond Coal Co. v. Trs. of UMWA Combined Ben. Fund,* 249 F.3d 519, 524 (6th Cir. 2001))). Rather, "courts have relied on an applicable change in decisional law, *coupled with some other special circumstance*, in order to grant Rule 60(b)(6) relief." *Blue Diamond Coal,* 249 F.3d at 524 (emphasis added). In this case, however, Foster's argument relies *entirely* on the change in decisional law brought about by *Torres* to justify his proposed relief. Because that justification is plainly insufficient under binding Sixth Circuit precedent, the Court cannot grant his request.

Second, the R&R finds that *Torres* cannot provide Foster relief because, in recommending that this case be dismissed in 2014, the Magistrate Judge did not

construe Foster's Complaint as raising a Fourth Amendment seizure claim. (R&R, Doc. 12, #65). Had Foster disagreed with this construction, he could have (and should have) objected to the Magistrate Judge's recommendation when she issued it eight years ago. (*Id.*). He failed to do so, and this Court adopted the Magistrate Judge's construction. (Order, Doc. 7, #39). Thus, because Foster's Complaint effectively never advanced an unlawful seizure claim in the first place, any change in law on that front brought about by *Torres* is irrelevant.

Third, even if Foster's Complaint had properly asserted an unlawful seizure claim, the R&R correctly observes that "*Torres* [does] not change the relevant law in a way that benefits [Foster]." (Doc. 12, #65). As the R&R explains, Foster "was arrested immediately after he exchanged gunfire with police," thus, the shooting in question "would constitute a 'seizure' both before and after *Torres*." (*Id.*).

Fourth, Foster's Motion only seeks to reopen "*official capacity* claims relating to officer Knapp shooting [him]." (*Id.* (quoting Rule 60 Change In Law Mot., Doc. 11, #58) (emphasis added)). However, to assert an official capacity claim, Foster would need to "allege that his rights were violated by a custom or policy of the City of Cincinnati," which he has failed to do. (*Id.*).

Seeing no clear error in the Magistrate Judge's analysis, the Court adopts the R&R's recommendations with regard to the Rule 60 Motions and, accordingly, **DENIES** Foster's Motion for "Relief Necessity Presentation" under "Rule 60(b)(6)" (Doc. 9) and his Motion for "Rule 60 Change In Law, Relief Request" (Doc. 11).

The R&R also recommends that the Court deny Foster's Motion to "guard against impeding" (Doc. 10). There, Foster "alleges that officials at the Toledo Correctional Institution, where he is currently incarcerated, are tampering with and opening his legal mail" outside his presence. (R&R, Doc. 12, #65–66 (citing Mot. to Guard Against Impeding, Doc. 10, #50)). Foster seeks a Court order enjoining the prison officials' actions. (*Id.*). The R&R recommends that that the Court deny Foster's Motion as Foster may not properly raise the manner in which prison officials handle his legal mail as an issue in this case. (*Id.* at #66). The Court agrees with that outcome, although for perhaps slightly different reasons than those set forth in the R&R.

As the Sixth Circuit has explained, "[a] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). For example, in *Taylor v. United States,* the plaintiff requested an injunction to prevent prison officials from opening his legal mail outside his presence and removing legal papers from his possession. No. 1:10-cv-01195, 2019 WL 8440696, at *1 (W.D. Tenn. Sept. 6, 2019), *report and recommendation adopted* 2020 WL 587650 (W.D. Tenn. Feb. 6, 2020). The Court denied the preliminary injunction under *Colvin*, explaining that:

> Plaintiff's underlying claim in this case is based upon his contention that improper withdrawals were made from his inmate trust fund to pay restitution for his prior criminal conviction. On the other hand, as set forth above, his request for injunctive relief is based upon prison

5

officials' alleged handling of legal mail and legal documents, a matter unrelated to the underlying claim. If Plaintiff's allegations concerning prison officials' interference with his legal correspondence and documents are true, he may have separate potential claims regarding such matters. However, Plaintiff may not address those potential and unrelated claims in this pending action through a request for injunctive relief.

*Id.* at *2.

In this case, Foster's Complaint brought numerous § 1983 claims related to his arrest and conviction,[2] but none of his claims bear any apparent relation to the manner in which Ohio's prison administrators or employees control prisoners' access to legal mail. Accordingly, because the Court finds that Foster has failed to establish the requisite "relationship between the injury claimed in [his] [M]otion and the conduct asserted in [his] [C]omplaint," the Court **DENIES** the relief requested in Foster's Motion to "guard against impeding" (Doc. 10).

Accordingly, for the reasons set forth above, the Court **ADOPTS** the R&R (Doc. 12) and, consequently, **DENIES** Foster's Motion for "Relief Necessity Presentation"

---

[2] Specifically, Foster's Complaint alleged the following:
> Plaintiff's [C]omplaint alleges that his attorney, defendant Jones "did a malicious job of ineffectiveness," allegedly refusing to raise plain errors in his defense. Plaintiff further alleges that "Judge Kubicki Jr. used multiple unreasonable unequivocal statements on trial court records delaying justice." Plaintiff also claims that Officer Knapp "maliciously shot Christopher Foster 16 times at point blank, and arrested the plaintiff acquiring arrest warrants that requested the capture of some 'Charles Foster.'" He claims that defendant Clancey initialed the warrants against municipal policy. Finally, plaintiff claims that all defendants conspired to "(1) induce panic/emotional distress, (2) false arrest/imprisonment, (3) malice behavior, (4) attempted murder, (5) cruel [and] unusual punishment, (6) unreasonable delay, (7) unlawful restraint."

(Aug. 22, 2014 R&R, Doc. 4, #28 (quoting Compl., Doc. 3, #23) (internal citations and footnotes omitted)).

under "Rule 60(b)(6)" (Doc. 9), Motion for "Rule 60 Change In Law, Relief Request" (Doc. 11), and Motion to "Guard Against Impeding" (Doc. 10).

      **SO ORDERED.**

March 21, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

7